Troy M. Yoshino, Bar No. 197850
troy.yoshino@squirepb.com
Eric J. Knapp, Bar No. 214352
eric.knapp@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
Attorneys at Law
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MANAN BHATT and MARY BLASCO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, and DAIMLER AG,<br><br>Defendant. | Case No. 16-3171-TJH-RAO<br><br>**STIPULATED PROTECTIVE ORDER**[1]<br><br>Hon. Terry J. Hatter, Jr.<br>Magistrate Judge Rozella A. Oliver |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

- 1 -

| | |
|---|---|
| 1 | STIPULATION FOR ENTRY OF PROTECTIVE ORDER |
| 2 | IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs |
| 3 | Manan Bhatt and Mary Blasco and Defendant Mercedes-Benz USA, LLC |
| 4 | (collectively referred to hereinafter as the "Parties"), that pursuant to Rule 26(c) of |
| 5 | the Federal Rules of Civil Procedure and the Local Rules of this Court, all |
| 6 | documents and any other proprietary, trade secret, and/or confidential information, |
| 7 | designated as "Confidential" shall be subject to the terms of this Stipulated |
| 8 | Protective Order ("Order") as set forth below. |
| 9 | A. PURPOSES AND LIMITATIONS |
| 10 | Discovery in this action is likely to involve production of confidential, |
| 11 | proprietary or private information for which special protection from public |
| 12 | disclosure and from use for any purpose other than prosecuting this litigation may |
| 13 | be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to |
| 14 | enter the following Order. The Parties acknowledge that this Order does not confer |
| 15 | blanket protections on all disclosures or responses to discovery, and that the |
| 16 | protection it affords from public disclosure and use extends only to the limited |
| 17 | information or items that are entitled to confidential treatment under the applicable |
| 18 | legal principles. |
| 19 | B. GOOD CAUSE STATEMENT |
| 20 | This Action is likely to involve trade secrets, customer and pricing lists and |
| 21 | other valuable research, development, commercial, financial, technical and/or |
| 22 | proprietary information for which special protection from public disclosure and |
| 23 | from use for any purpose other than prosecution of this Action is warranted. Such |
| 24 | confidential and proprietary materials and information consist of, among other |
| 25 | things, confidential business or financial information, information regarding |
| 26 | confidential business practices, or other confidential research, development, or |
| 27 | commercial information (including information implicating privacy rights of third |
| 28 | parties), information otherwise generally unavailable to the public, or which may be |

privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this Action.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 11.3, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The

parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

1. <u>DEFINITIONS</u>

    1.1    <u>Action</u>:  the above-referenced matter, *Manan Bhatt et al. v. Mercedes-Benz USA, LLC*, *and Daimler AG*, Case No. 2:16-cv-3171-TJH-RAOx, pending in the United States District Court for the Central District of California.

    1.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    1.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

1.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

1.5 <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material as "Confidential."

1.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action or a Related Action.

1.8 <u>House Counsel</u>: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.9 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

1.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

1.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

1.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    1.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

    1.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    1.16  <u>Related Actions</u>: *Sunil Amin, et al. v. Mercedes-Benz USA, LLC, and Daimler AG*, Case No. 1:17-cv-01701-AT, pending in the United States District Court for the Northern District of Georgia, *Gary Arakelian v. Mercedes-Benz USA, LLC*, Case No. 2:17-cv-06240-TJH-RAO, pending in the United States District Court for the Central District of California, and any other action the Parties may later agree is a Related Action.

2. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.

3. <u>DURATION</u>

    3.1  Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from

"compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of trial for information that was designated as "CONFIDENTIAL," or otherwise maintained pursuant to this protective order, and used or introduced as an exhibit at trial.

  3.2 STRICKEN BY MAGISTRATE JUDGE OLIVER

  3.3 If this Action proceeds to trial, then the Parties shall meet-and-confer in accordance with Local Rule 16-2 and file either a joint stipulation or separate motions for the entry of a Stipulated Protective Order governing the use of Protected Material at trial and following the termination of this Action.  The Parties shall file their stipulation or separate motions at the same time that they file their Local Rule 16-7 Final Pretrial Conference Order.

4. DESIGNATING PROTECTED MATERIAL

  4.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Any Producing Party may designate as Protected Material any document, material, item, testimony, or information that it believes in good faith contains or consists of nonpublic information that would reasonably be subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must – to the extent practicable – designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

  Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to

impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2 <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party – to the extent practicable –  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix a "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a

portion of the material on a page qualifies for protection, the Producing Party – to the extent practicable – also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Confidential information contained in hard-copy documents not selected for copying may not be disclosed.

(b) for deposition testimony, the Parties may designate such portions of deposition testimony as Protected Material by advising the court reporter and/or videographer on the record at the time such testimony is given or within 15 days after receipt of the transcript of the deposition by notifying opposing counsel in writing of the page and line numbers of the testimony deemed Protected Material. Every deposition shall be treated as Protected Material for a period of 30 days after receipt of the transcript by all Counsel. Whenever Protected Material is to be discussed or disclosed in a deposition, either Party may exclude from the room during such testimony any person who is not authorized to receive such information under this Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.4 Any person may designate as Protected Material any Disclosure or Discovery Material that have previously been produced or disclosed without such

designation by the Producing Party, within 15 days of production of such Disclosure or Discovery Material, by producing to all Parties copies of the Disclosure or Discovery Material with a "CONFIDENTIAL" legend.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    5.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    5.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    5.3 <u>Meet and Confer</u>. Within 14 calendar days of the Challenging Party's notice of challenge, the Parties shall meet and confer in good faith in an effort to resolve the issue. If the Parties are unable to resolve their differences regarding any Protected Material designation, the burden shall be on the Designating Party to file and serve a motion within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.

    5.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

    6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or a Related

Action.  Such Protected Material may be disclosed or revealed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of Protected Material Designated as "CONFIDENTIAL"</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, to whom disclosure is reasonably necessary provided the witness sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

   (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

   (a) promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify the party who caused the subpoena or order to issue in the other litigation in writing that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify the Requesting Party and the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Any disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection is governed by the provisions of the Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol") executed by the Parties in this Action.

11. <u>MISCELLANEOUS</u>

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

11.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

1 under seal is denied by the Court, then the Receiving Party may file the information
2 in the public record unless otherwise instructed by the Court.

12. FINAL DISPOSITION

After the entry of a final non-appealable order, judgment, or settlement with respect to the claims in this Action or Related Action (whichever is later), and within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3 (DURATION).

13. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

IT IS SO STIPULATED.

Dated: October 10, 2017   Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP


By   */s/ Eric J. Knapp*
    Eric J. Knapp
    Attorneys for Defendant
    MERCEDES-BENZ USA, LLC


Dated: October 10, 2017   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


By   */s/ Annika K. Martin*
    Annika K. Martin
    Attorneys for Plaintiffs
    and the Proposed Classes


**SO ORDERED.**
Dated:   October 16, 2017

    ROZELLA A. OLIVER
    U.S. Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Manan Bhatt et al. v. Mercedes-Benz USA, LLC and Daimler AG*, No. 2:16-cv-3171-TJH-RAOx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 1 -